UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANNE MARIE MANGANO                                    JURY TRIAL DEMANDED

v.                                                    CASE NO.  3:12 CV

DONNA DECRESCENZO
CUDA & ASSOCIATES, LLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act § 36a-646 ("CCPA"), and the Connecticut Unfair Trade Practices Act §42-110g.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendant CUDA buys defaulted consumer debt for the purpose of collecting thereon.

5. CUDA has over 1,000 collection lawsuits on file in Connecticut state courts.

6. Defendants use the mails and means of interstate commerce in collection efforts.

7. Defendants regularly collect, or attempt to collect, directly or indirectly, debts originally owed to Citibank, Chase or other third parties.

8. Defendant Donna DeCrescenzo was formerly known as Donna Garamella. She has been underwriter, officer, and managing member of CUDA.

9. Defendant Donna DeCrescenzo regularly signed affidavits for the purpose of collecting debts purchased by CUDA.

10. Benjamin Morris was the managing member of CUDA and another corporation, Lienfactors, LLC. Morris's only clients were CUDA and Lienfactors.

11. Plaintiff was the holder of a personal Citibank credit card.

12. On or about August 7, 2009, Benjamin Morris (Juris No. 101064) sent a collection letter to plaintiff claiming that CUDA recently purchased her Citibank credit card account, and the balance was $17,856.95.

13. On August 12, 2009, plaintiff mailed to defendant a request for verification of the account, specifically asking for "calculation of the amount I supposedly owe."

14. By letter dated December 23, 2010, Mr. Morris provided plaintiff with two purported Citibank statements printed on 4/24/09 and 8/26/09, and a third party affidavit dated September 17, 2009, that the amount of the debt was $11,337.50. The 4/24/09 purported Citibank statement alerted CUDA to the fact that Citibank had stopped charging interest.

15. Mr. Morris has never verified that the balance of $17,856.95 asserted in the letter of August 7, 2010 was due or owing, either as managing member of CUDA or personally.

16. Mr. Morris never contacted Citibank to verify anything about plaintiff's alleged account, either as managing member of CUDA or personally.

17. CUDA never contacted Citibank to verify anything about plaintiff's alleged account.

18. On July 22, 2011, Mr. Morris (Juris No. 431225) issued a summons and complaint against plaintiff in state court seeking to collect the alleged debt, despite having failed to provide Ms. Mangano with any calculation of the amount originally demanded.

19. CUDA's state court suit included false, deceptive or misleading allegations and misrepresented the legal status of the debt and the amount owed because CUDA knew when filing the suit that it lacked knowledge of the validity of the underlying debt, and did not

thereafter ever investigate or verify the debt's validity.

20. CUDA had no Citibank credit application from Ms. Mangano

21. CUDA had no signed Citibank credit agreement from Ms. Mangano.

22. CUDA had no Citibank charge slips signed by Ms. Mangano.

23. CUDA knew that no Citibank account statement was sent to Ms. Mangano on September 17, 2007

24. CUDA did not know whether any late charges, interest, overlimit charges included in the Citibank balance were based on any signed agreement by Ms. Mangano.

25. CUDA had no knowledge of whether any variable interest rate assessed by Citibank as to Ms. Mangano complied with the terms and conditions of her alleged account.

26. CUDA did not know whether Ms. Mangano used the alleged account or how it was used, whether for charges and/or cash advances.

27. CUDA had no knowledge of whether or when any periodic statements had been sent by Citibank to Ms. Mangano.

28. CUDA had no knowledge of any communications or disputes by Ms. Mangano to Citibank.

29. On October 4, 2011, CUDA alleged that the debt was $16,034.02, inclusive of interest.

30. On October 13, 2011, CUDA took plaintiff's deposition. She denied having seen or received the two purported Citibank statements.

31. As of July 23, 2012, CUDA admitted knowing that plaintiff's position was that she did not incur the alleged debt.

32. On August 1, 2012, CUDA was reminded that continued collection efforts were unlawful absent verification.

33. CUDA continued its collection efforts.

34. On October 10, 2012, CUDA sent three collection e-mails to plaintiff which did not include the notices required by 15 U.S.C. § 1692e(11) or Reg. Conn. State Agencies §36a-647-6(*l*).

35. On October 10, 2012, CUDA demanded an amount of $11,709.10, which inexplicably exceeded the $11,337.50 amount in the affidavit referenced above.

36. On November 10, 2011, defendant DeCrescenzo signed an affidavit which was filed in court swearing that certain facts were true and accurate and within her personal knowledge. The affidavit was largely false in that she swore personal knowledge of plaintiff's "payment histories"; swore to a claimed principal in a certain amount based on hearsay; swore that interest was due despite knowing that the creditor had ceased to charge interest; swore that the two purported Citibank credit card statements were sent from Citibank to plaintiff even though one had obviously not been sent and she did not know whether the other was sent (and after plaintiff had denied seeing or receiving them); claimed that various documents most of which she had no possible personal knowledge represented bills of sale of referring to plaintiff's account; claimed that a hearsay Unifund affidavit signed well after the termination of Unifund's involvement had some probative value; or claimed that Ex. G was a true and accurate copy of the plaintiff's Credit Card Agreement.

FIRST COUNT

37. In the collection efforts after November 1, 2011, defendants violated the FDCPA,

§ 1692e, -f(1), or -g.

SECOND COUNT

38. In the collection efforts after July 22, 2011, defendants violated the CCPA and regulations issued thereunder.

THIRD COUNT

39. In the collection efforts after July 22, 2011, defendants violated CUTPA causing plaintiff ascertainable loss.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including actual damages, punitive damages, $1,000 statutory damages under the FDCPA, and $1,000 statutory damages under the CCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

        THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net